REGAN, Judge.
The plaintiff, James Jerome Hall, a guest passenger in an automobile operated by Mrs. Elsie Darcey, instituted this suit against the defendants, Louis Fouquet, the owner of a taxicab, Vic Fouquet, the driver thereof, and Nola Cabs, Inc., their insurer, endeavoring to recover the sum of $23,804 for personal injuries incurred by him as a result of a collision between the two vehicles on June 24, 1953, at about 12:30 a. m. in the intersection of Columbus and Monroe Streets, in Gretna, Louisiana.
The defendants answered and denied that Vic Fouquet was guilty of any negligence whatsoever and asserted that the proximate cause of the accident was the gross negligence of Mrs. Darcey, the driver of the automobile in which plaintiff was a passenger; and, in the alternative, pleaded the independent contributory negligence of the plaintiff.
From a judgment in favor of the defendants dismissing plaintiff’s suit, he has prosecuted this appeal.
In order to avoid repetitious designation of parties defendant we shall hereinafter refer to Vic Fouquet as the defendant.
*701 The record reveals that this litigation emanates from a collision between two automotive vehicles in the intersection of Columbus and Monroe Streets in the City of Gretna, Louisiana. Both roadways are two way streets, however, Monroe Street is a main thoroughfare which extends from Algiers to Gretna. Columbus intersects Monroe Street and there exists a stop “sign” on Columbus Street at the intersection.
The defendant was operating the taxicab at a speed of approximately twenty-five miles per hour in Monroe Street moving from Algiers towards Gretna and specifically approaching the intersection of Columbus Street.
The plaintiff was a guest passenger in an automobile operated by Mrs. Elsie Darcey, which was moving in Columbus Street and when it arrived at the intersection of Monroe Street it stopped in obedience to the traffic sign and then attempted to turn right into Monroe Street, however, in endeavoring to execute this maneuver, Mrs. Darcey made a sweeping right turn into the lane of traffic in which the defendant was operating his vehicle. Defendant endeavored unsuccessfully to avoid the accident by applying his brakes and swerving to his left.
On the day of the trial Mrs. Darcey, although subpoenaed, failed to appear as a witness on behalf of the plaintiff.
A careful examination of the record discloses the absolute negligence of Mrs. Dar-cey and, therefore, the initial question posed for our consideration is whether the taxicab driver was guilty of any negligence in the premises which contributed to the plaintiff’s injuries.
The trial judge found as a fact:
“The evidence discloses that the automobile in which the plaintiff was riding stopped at the intersection of Columbus and Monroe Streets in obedience to a stop sign on Columbus Street, and then began to make a wide sweeping turn on to Monroe Street, turning over into the wrong lane of traffic. The defendant was apparently proceeding at a normal rate of speed when he was suddenly confronted by the automobile thus turning, and tried to avoid the accident by putting on his brakes and swerving to the left, but nevertheless the collision occurred. This testimony is further borne out by the facts of the physical conditions of the automobiles and the street after the accident, and by the fact that the car occupied by the plaintiff had not yet completed the process of turning. * * * there is nothing in the record to disclose that the driver of the Nola cab, the defendant, Vic Fouquet, was at fault or negligent in the premises % % »
Our examination of the record fails to disclose any legal or factual error in the trial judge’s conclusions.
Since the driver of the taxicab has been proven to be free of any negligence whatsoever it is unnecessary for us to consider defendant’s special plea relative to the independent contributory negligence of the plaintiff.
For the reasons assigned the judgment appealed from is affirmed.
Affirmed.